## *I* The Commonwealth *against* Schaeffer.

Upon the trial of an issue in a *scire facias quare executionem non,* it is error to reject the evidence of the declaration in the original action, because filed after the judgment was rendered. And when such *scire facias* is sued out to recover the distributive share of one of the heirs of an intestate, for the use of another person to whom a bond, given as a collateral security for its payment, had been assigned, it is error to reject the evidence of the bond and its assignment.

ERROR to the common pleas of *Berks* county.

The Commonwealth of Pennsylvania, for the use of John Wenrich's executors, against John Schaeffer, with notice to Hannah Miller, terre-tenant. *Scire facias* to show cause why execution should not issue for 1190 dollars and 67 cents, with interest from the 13th of May 1831.

John Schaeffer having died intestate, a proceeding in partition was held upon his real estate, and one part of it was confirmed to his son, John Schaeffer, at the valuation of 14,288 dollars, and the other part to Frederick A. M'Connell at the valuation of 15,733 dollars. John Schaeffer, who took the first part, entered into a recognizance in the penalty of 28,000 dollars, conditioned that he would pay the shares of the other heirs, &c., to August term, 1831. An action of debt was brought upon this recognizance, and, on the 19th of January 1832, a judgment by default was entered, without a declaration; and, on the 21st of March 1835, a declaration was filed. It was upon this judgment this *scire facias* issued, to recover the share of Frederick A. M'Connell and wife, for the use of the executors of John Wenrich, to whom the same had been assigned.

The plaintiff having given in evidence the original judgment, offered to read the declaration filed. The defendant objected to it, on the ground that it had been filed after the judgment was rendered.

IX.—W

The court sustained the objection and rejected the evidence.

The plaintiff then gave in evidence the recognizance of John Schaeffer, taken and acknowledged in open court January 5, 1816, in the sum of 28,000 dollars, the same being for the use of the other heirs of John Schaeffer, deceased; the condition of the recognizance is such, that whereas by an inquest awarded by the orphans' court of Berks county, the real estate of John Schaeffer, deceased, was valued and appraised, which valuation and appraisement has been duly confirmed by the court; now if the said John Schaeffer, or his heirs, executors or administrators, shall pay to the heirs of the said deceased their several shares and purparts in the said valuation mentioned, then the above recognizance to be void, &c.

The plaintiffs then gave in evidence a release dated November 22, 1817, from Frederick A. M'Connell and his wife, who was a daughter of John Schaeffer, deceased, and the other heirs of said Schaeffer, releasing the land adjudged to F. A. M'Connell, who conveyed with the other heirs to Adam Brown.

The plaintiff then offered in evidence a bond dated December 14, 1818, given by John Schaeffer to Frederick A. M'Connell, and signed by said John Schaeffer, it being in the penal sum of 2381 dollars and 34 cents; the condition is as follows: "The condition of this obligation is such, that if the above bounden John Shaeffer, his heirs, &c., shall pay, &c., to Frederick A. M'Connell, or to his administrators, executors or assigns, the sum of 1190 dollars and 67 cents, immediately after the decease of Catherine Schaeffer, widow of John Schaeffer, deceased, with lawful interest for the same, then the above obligation to be void, otherwise, &c.

January 19, 1819, Frederick A. M'Connell assigned this bond to Robert M'Connell and Daniel Vonneida.   February 20, 1819, Robert A. M'Connell assigned his interest to Daniel Vonneida.

February 15, 1820, Daniel Vonneida assigned to John Wenrich, plaintiff's intestate.

This bond with the assignments the plaintiff offered in evidence, after first calling up Adam Brown, who, upon being sworn, said:

Catherine Schaeffer died in 1831, sometime in May or beginning of June; I have seen John Schaeffer write, believe this name to the bond to be written by him; the plaintiff also offered proof of the original assignments—to which evidence defendant objected; whereupon the court rejected the bond with the assignments.

*Strong*, for plaintiff in error, cited 17 *Serg. & Rawle* 400; 1 *Penn. Rep.* 280.

*Deckart*, for defendant in error, cited 16 *Serg. & Rawle* 431.

The opinion of the court was delivered by

Rogers, J.—The declaration, although filed after the rendition of the judgment, is part of the record, and for that reason was admissible in evidence. Whether it was filed without or with the

[The Commonwealth v. Schaeffer.]

leave of the court, *nunc pro tunc*, no where appears, nor can it be shown in a collateral proceeding. If, as has been suggested, the declaration was filed in vacation, without leave, the proper course is to amend the record, but without an amendment, the court are not justified in regarding it as a nullity. Hoffman *v.* Coster.

The evidence is pertinent to the issue, as it removes all doubt that the judgment was rendered on the recognizance; this becomes necessary, as the original action is debt, and not a *scire facias*, which sets forth the recognizance.

We are of opinion that the court erred in rejecting the testimony contained in the second bill. The suit is a *scire facias* for the use of the executors of Wenrich, to recover the interest of Frederick A. M'Connell and his wife, who was the daughter of John Schaeffer. Testimony had been given that an inquisition was had on the estate of the intestate; that John Schaeffer the son had taken part of the property at the appraisement, and that he had entered into a recognizance to pay the heirs, &c., of whom M'Connell's wife was one, their several shares and purparts of the valuation. The evidence was offered to prove, (and for this purpose it was competent,) that the interest of the wife had been assigned to John Wenrich, of whom the plaintiffs were the executors.

The judgment by default, in the original suit, was rendered without a declaration, and although irregular, and therefore not to be commended, yet is a practice which has been pursued in some parts of the state to some extent, and we are not prepared to say that in all cases the judgment would be reversed for that defect. The irregularity may be cured by a declaration subsequently filed, and without doubt the judgment, which is for the penalty, is good, until reversed on a writ of error. Whether the court of common pleas will allow the record to be amended, may depend on a variety of circumstances, of which they, from the nature of things, are most competent to decide.

The original suit is brought to obtain a cautionary judgment, and in this proceeding it was not usual to bring in the terre tenant; this is done on the *scire facias*. But here a different proceeding was had. The suit is against Schaeffer, with notice to the terre tenant, without naming him. The sheriff returns *scire feci*, and a judgment is taken generally. This must be regarded as a judgment against Schaeffer alone. The *scire facias* is against John Schaeffer, with notice to Hannah Miller, and in this proceeding she can come in and defend, *pro interesse suo.*

Although the bond is dated after the recognizance, and is given to Frederick A. M'Connell, without joining his wife, a practice peculiar to the county of Berks, yet as it is conditioned for the payment of the sum due on the recognizance, after the death of the widow, there is some reason to believe it is intended to secure the payment of her share of her father's estate. A possession of this evidence of debt may be some proof that it remains unpaid, which is

another reason for admitting it and the various assignments in evidence.

Judgment reversed, and a *venire de novo* awarded.